IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07-20286 MI |
| | ) | |
| ONDRAE PIRTLE, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**REPORT AND RECOMMENDATION ON DEFENDANT'S SECOND MOTION IN LIMINE REGARDING EXPERT TESTIMONY**
_____

The defendant, Ondrae Pirtle, was charged with one count of possession of a firearm on or about June 4, 2007, in violation of 18 U.S.C. 922(g). Presently before the court is the Defendant's Second Motion in Limine regarding expert testimony in which he seeks to have the court refrain from identifying witnesses as "expert" witnesses. In its response, the United States concedes that the court should regulate the introduction of any and all expert testimony by not declaring to the jury that a particular witness is to be considered an "expert." The motion was referred to the United States Magistrate Judge for determination. For the reasons that follow, it is recommended that the defendant's motion be granted.

In *Johnson*, the court stated that it disapproved of the trial judge's practice of telling the jury that a witness was to

be considered an expert. *United States v. Johnson*, 488 F.3d 690, 697 (6th Cir. 2007). Such practices risk influencing the jury in its evaluation of the expert and detract from the jury's perception of the court's neutrality and detachment. *Id*. at 697-98.

RECOMMENDATION

Because *United States v. Johnson* is controlling and because the Government is unopposed to the defendant's motion, this court recommends that the defendant's second motion in limine regarding expert testimony be granted. In accordance with the Sixth Circuit's recommendation in the recent case of *United States v. Johnson*, the court should refrain from announcing to the jury that a witness has been qualified as an "expert."

s/Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE
DATE:    November 29, 2007

NOTICE

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. ' 636(b)(1)(C). FAILURE TO FILE THEM WITHIN TEN (10) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.

ANY PARTY OBJECTING TO THIS REPORT MUST MAKE ARRANGEMENTS FOR A TRANSCRIPT OF THE HEARING TO BE PREPARED.