IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

─────────────────────────────────────────────────────────

UNITED STATES OF AMERICA,          )
                                   )
          Plaintiff,               )
                                   )
vs.                                )          No. 07-20286 MLlV
                                   )
ONDRAE PIRTLE,                     )
                                   )
          Defendant.               )

─────────────────────────────────────────────────────────

REPORT AND RECOMMENDATION ON DEFENDANT'S THIRD MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF PRIOR CONVICTIONS
UNDER FED.R.CR.P. 608 AND 609

─────────────────────────────────────────────────────────


     The defendant, Ondrae Pirtle, has been indicted on one count
of possession of a firearm, a Ruger 22 caliber rifle, on or about
June 4, 2007, in violation of 18 U.S.C. § 922(g).  Now before the
court is Pirtle's motion in limine to preclude the government
from introducing at trial for impeachment purposes, pursuant to
Rule 608 and 609 of the Federal Rules of Criminal Procedure, any
evidence of Pirtle's two prior felony convictions on drug related
charges.  The motion was referred to the United States Magistrate
Judge for a report and recommendation.

PROPOSED FINDINGS OF FACT

     Pirtle has two prior felony convictions.  One is dated
December 16, 1993, in Shelby County, Tennessee, for unlawful
possession of a controlled substance with intent to manufacture,

deliver, or sell, and the other is dated October 2, 1998, in Shelby County, Tennessee, for facilitation of a drug felony. During a search, pursuant to a search warrant, of Pirtle's apartment on June 4, 2007, officers located crack cocaine, powder cocaine, ecstacy, marijuana, the Ruger .22 caliber rifle, ammunition, digital scales, and cash. The indictment only charges Pirtle with a gun offense; no drug offenses are charged. On October 17, 2007, the Government gave advance written notice pursuant to Rule 609 of its intent to use Pirtle's felony convictions for the purpose of attacking Pirtle's character for truthfulness. Pirtle claims that because his prior drug-related convictions involve facts and circumstances similar to the facts and circumstances surrounding the current gun charge, the probative value of evidence of his prior convictions as impeachment evidence is outweighed by its prejudicial effect.

PROPOSED CONCLUSIONS OF LAW

Evidence of prior felony convictions is admissible as impeachment evidence under certain circumstances under Rule 609 of the Federal Rules of Evidence. Rule 609 provides:

(a) General Rule. – For the purpose of attacking the character for truthfulness of witness,
    (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence

2

that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused;

. . . .

(b) Time limit. Evidence of a conviction under this is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

FED. R. EV. 609(a). Pirtle has one felony conviction more than ten years old and one less than ten years old. Rule 609(b) creates "a rebuttable presumption that convictions over ten years old are more prejudicial than helpful and should be excluded." *United States v. Sims*, 588 F.2d 1145, 1150 (6th Cir. 1978)(citation omitted).

The burden is on the government to establish that the probative value of admitting a prior conviction outweighs the prejudicial effect. *United States v. Moore*, 917 F.2d 215, 234 (6th Cir. 1990). In order to determine if the probative value of a prior conviction outweighs its prejudicial effect, the Sixth Circuit has recognized the five-factor balancing test set forth in *Gordon v. United States*, 383 F.2d 936 (D.C. Cir. 1967), as some of the factors the judge should take into account in making

his determination. *Sims*, 588 F.2d at 1149. The five factors are: "(1) [t]he impeachment value of the prior crime, (2) [t]he point in time of the conviction and the witness' subsequent history, (3) [t]he similarity between the past crime and the charged crime; (4) [t]he importance of the defendant's testimony; and (5) [t]he centrality of the credibility issue. *Id.* (citing *Gordon v. United States*, 383 F.2d 936 (D.C. Cir. 1968)); *Moore*, 917 F.2d at 234(recognizing *Gordon* factors and allowing impeachment evidence).

In *Sims*, the Sixth Circuit stated: "Under Rule 609(b), the district judge must make 'an on-the-record finding based on specific facts and circumstances that the probative value of the evidence substantially outweighs the danger of unfair prejudice.'" *Sims*, 588 F.2d at 1149 (quoting *United States v. Mahler*, 579 F.2d 730, 734 (2d Cir. 1978)). The *Sims* court further explained that the hearing need not be extensive:

> [T]he judge should require a brief recital by the government of the circumstances surrounding the admission of the evidence, and a statement of the date, nature and place of the conviction. The defendant should be permitted to rebut the government's presentation, pointing out to the court the possible prejudicial effect to the defendant if the evidence is admitted.

*Id.*

Counsel agreed in open court on the record on Thursday, December 13, 2007, that it would be premature for the magistrate

judge to conduct such a hearing at this time because it will only become necessary to have such a hearing if Pirtle decides to testify and if he makes statements during his direct examination that would make his two prior convictions relevant as impeachment evidence. Therefore, counsel requested that such hearing be deferred until the trial. The government has merely given its notice of its intent to use Pirtle's prior convictions as impeachment evidence in the event Pirtle elects to testify.

## RECOMMENDATION

Accordingly, if Pirtle indicates his intent to testify at trial, it is recommended that a hearing be held by the district judge at that time to determine if the probative value of Pirtle's prior drug convictions outweigh any prejudicial effect.

Submitted this 17th day of December, 2007.


s/ Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE